NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ERIK M. SILBER (Cal. Bar No. 190534)
AMANDA M. BETTINELLI (Cal. Bar. No. 233927)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2231/0470
    Facsimile: (213) 894-8513
    E-mail:    Erik.Silber@usdoj.gov/Amanda.Bettinelli@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-574-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT SHAWN LEE |
| v. | |
| SHAWN NAOLU LEE, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Erik M. Silber and Amanda M. Bettinelli, hereby provides its sentencing position.

    This sentencing position is based on the attached memorandum of

///

///

points and authorities, the Presentence Report ("PSR"), and the file and records in this case.

Dated: July 9, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

     /s/
ERIK M. SILBER
AMANDA M. BETTINELLI

Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

A. GUIDELINE CALCULATION

The Probation Office identifies that defendant Shawn Lee ("defendant") has a Guideline range of 6-12 months in prison based on a total offense level of 10 and a criminal history category of I. (PSR Guideline Summary.)  The offense level is based on: (1) a base offense level of six under USSG § 2Q2.1(a); (2) a two-level enhancement because defendant committed the offense for pecuniary gain or for a commercial purpose, USSG § 2Q2.1(b)(1)(A); (3) a four-level enhancement because the fish were protected under Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") Appendix I, USSG §§ 2Q2.1(b)(3)(B); and (4) a two-level reduction for acceptance of responsibility under USSG § 3E1.1.  (PSR ¶¶ 27-38.)  The government agrees with those offense-level calculations.  The base offense level and enhancements were all agreed to by the parties on page eight of the plea agreement.

B. RECOMMENDED SENTENCE OF THREE-YEARS PROBATION, WITH THE FIRST SIX MONTHS ON HOUSE ARREST

In its recommendation letter, the Probation Office recommends a sentence of a three-year term of probation, with six months spent on house arrest.  (Recommendation Letter 1-2.)  The parties in the plea agreement agreed to jointly recommend that sentence (Plea Agreement pages 2, 3) and the government believes that that is the appropriate sentence here taking into account the 18 U.S.C. § 3553(a) factors.

1

There are aggravating facts in this case.  Defendant smuggled eight Asian arowana fish into the United States, fish that receive the highest level of protection under CITES because of the risk of extinction that those animals face.  There are also mitigating facts: (1) Defendant smuggled wildlife into the United States only once; (2) defendant's has done well on pretrial release and has maintained steady employment during that time (PSR ¶ 64); and (3) defendant has had traumatic events in his past which may have contributed to his criminal conduct, including being abused by his father, having being shot in the face by a pellet gun in 1984, and being born with a congenital heart condition, which required surgery (PSR ¶¶ 55, 60(a)&(b).  Balancing the aggravating and mitigating facts together, the government believes that a three-year term of probation, with the first six months spent on house arrest, is sufficient to provide just punishment and to protect the public from future crimes by defendant, 18 U.S.C. §§ 3553(a)(2)(A),(a)(2)(C).  Indeed, defendant's ability to perform well on pretrial release suggest that he can do the same on probation, making a three-year term of probation, with the first six months spent on house arrest, an appropriate and potentially effective sentence here.  Moreover, although defendant had trouble with the law in 2006-2007 (PSR ¶¶ 43, 44, 47), there is no evidence of criminal conduct by defendant from 2007 until the instant office in 2017.  That past decade of lawful conduct suggest that probation (with six months of house arrest), rather that prison, can serve as

2

an effective deterrent to defendant and effectively protect the public from future crimes by him.  The government thus agrees with the Probation Office and recommends that the Court impose a three-year term of probation, with the first six months spent on house arrest.

C. FORFEITURE

As identified on page seven of the plea agreement, the government asks the Court to forfeit the eight Asian arowana fish that defendant smuggled into the United States, as well as the $15,370 of cash found in defendant's residence during the search.